

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## AIKEN DIVISION

| | | |
|---|---|---|
| NORMA PATRICK HALL,<br>　　　　Petitioner,<br><br>vs.<br><br>WARDEN OF LEATH CORRECTIONAL<br>INSTITUTION,<br>　　　　Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br>Civil Action No. 1:25-5447-MGL-SVH |

---

## ORDER ADOPTING REPORT AND RECOMMENDATION
## AND DISMISSING PETITIONER'S SECTION 2254 PETITION

---

Petitioner Norma Patrick Hall filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254 on June 10, 2025, when she turned it over to prison officials to mail for her. *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (holding a prisoner's document is deemed filed on the date it was delivered to prison mail room officials). She is currently incarcerated at Leath Correctional Institution after she pleaded guilty to homicide by child abuse in state court.

The matter is before the Court for review of the Report and Recommendation (the Report) of the United States Magistrate Judge suggesting to the Court the petition be dismissed. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo

1

determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on November 24, 2025.  Petitioner filed objections to the Report on December 15, 2025.

The Magistrate Judge recommends dismissing the petition for two reasons: first for failure to prosecute because Hall failed to pay the filing fee or file a motion to proceed in forma pauperis, Report at 5, and second because it is time-barred by statute, Report at 9-11.

As to the Magistrate Judge's first reason for dismissing the Petition, Hall paid the filing fee after the Report was filed.  The Court therefore declines to dismiss the Petition on this ground.

As to the Magistrate Judge's second reason for dismissing the Petition, the Court agrees with the Magistrate Judge.  The procedural history of Hall's case is well stated in the Report, and it will be adopted herein.  In most relevant part, on July 24, 2014, the South Carolina Supreme Court denied her petition for a writ of certiorari seeking review following the denial of her application for post-conviction relief.  Petition at 3-4.

Her conviction became final ninety days later.  *See Harris v. Hutchinson*, 209 F.3d 325, 328 n.1 (4th Cir. 2000) (stating one's conviction becomes final on the expiration of the ninety-day period to seek review by the United States Supreme Court from the state's highest court).  But, Hall waited until June 10, 2025, to file her initial petition for a writ of habeas corpus.

As explained in the Report, state inmates typically face a one-year statute of limitations on a petition for a writ of habeas corpus.  Report at 7-8.  Here, the Magistrate Judge determined "it is indisputable from the amended petition that it is untimely and cannot be salvaged" by any legal principle which could permit a later filing.  Report at 9.

Hall, in her Objections to the Report, fails to challenge the timeliness conclusion in any way. She merely restates the grounds for her petition. The only argument she articulates which could conceptually permit her late filing is her second ground for relief: "Newly developed evidence of innocence 'The Final Necropsy Diagnosis' 4/278/01/ is reviewed." Petition at 8; *see also* Objections at 3 ("Ground Two Newly Developed Evidence of Innocence."). In the Petition and Objections, Hall's asserted newly-discovered evidence is the autopsy report performed in this case and her own ultrasound during pregnancy.

The Magistrate Judge correctly resolved this issue in the Report:

> [E]ven if [Hall] discovered this evidence within the one-year period before she filed this action, the fetal ultrasound results and any autopsy and medical examiner's reports could have been discovered through the exercise of due diligence prior to Petitioner's entry of a guilty plea. Therefore, she has presented no plausible argument that the statute of limitations should have run any later than the South Carolina Supreme Court's 2014 decision.

Report at 10. For this reason, the objection will be overruled. Because Hall's remaining objections are unable to save her from the statute of limitations, they will also be overruled.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Hall's objections, adopts the Report, and incorporates it herein. Therefore, Hall's petition for a writ of habeas corpus is **DISMISSED**. Finally, to the extent Hall moves for a certificate of appealability, that request is **DENIED**.

**IT IS SO ORDERED.**

Signed this 11th day of August 2026, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****

3

**NOTICE OF RIGHT TO APPEAL**

Hall is hereby notified of her right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.